*Monday, March 1, 1999*

## MOTION DOCKET

**96–2346. State v. Getsey.**
Trumbull App. No. 95CR399. Upon consideration of the motion or stay of execution of death sentence pending the timely filing and final disposition of a petition for a writ of certiorari in the United States Supreme Court and for stay during pendency of post-conviction remedies, and it appearing from the motion that an appeal of appellant's post-conviction case is pending in the court of appeals,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and hereby are, stayed pending the timely filing of the petition in the Supreme Court of the United States.

IT IS FURTHER ORDERED that if such petition is timely filed, this stay shall continue for an indefinite period pending final disposition of this cause by the Supreme Court of the United States.

IT IS FURTHER ORDERED by the court that this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court upon a final disposition by the Supreme Court of the United States or when all proceedings for post-conviction relief before courts of this state have been exhausted, whichever occurs later.

**97–1474. State v. Sheppard.**
Hamilton App. Nos. C–950402 and C–950744. Upon consideration of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the timely filing of a petition for a writ of certiorari in the Supreme Court of the United States,

IT IS ORDERED that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED that the compliance with the mandate and the execution of sentence be, and the same are hereby, stayed pending the timely filing of the petition in the Supreme Court of the United States.

IT IS FURTHER ORDERED that if such petition is timely filed, this stay shall continue for an indefinite period pending final disposition of this cause by the Supreme Court of the United States.

**97–2200. Hillyer v. Great Am. Ins. Co.**
Lake App. No. 96–L–148. This cause is pending as an appeal from the Court of Appeals for Lake County. On February 11, 1999, *amicus curiae* Ohio Academy of Trial Lawyers filed a "Notice of Supplemental Authority." Under S.Ct.Prac.R. IX(7), a party who intends to rely during oral argument on authorities not cited in the merit briefs may file a list of citations to those authorities no fewer than seven days before oral argument. Whereas the Ohio Academy of Trial Lawyers is not a party in this cause and, whereas its notice of supplemental authority contains more than the list of citations to additional authorities permitted by S.Ct.Prac.R. IX(7),

IT IS ORDERED by the court that the notice of supplemental authority be, and hereby is, stricken.

## DISCRETIONARY APPEALS ALLOWED

**98–2376. Cuyahoga Falls v. Lewis.**
Summit App. No. 19006. Discretionary appeal allowed; *sua sponte*, cause held for the decision in 98–217, *State v. Uskert*, Ashland App. No. 97COA01219; briefing schedule stayed.